IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HDR ENGINEERING, INC., a foreign corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-15526 |
| | ) | |
| SE3, LLC, a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## HDR ENGINEERING, INC.'S COMPLAINT AGAINST SE3, LLC

NOW COMES Plaintiff, HDR Engineering, Inc., ("HDR") by its attorneys, Chico & Nunes P.C., and for its Complaint against Defendant, SE3, LLC ("SE3"), states as follows:

### The Parties

1. HDR is a Nebraska corporation which conducts business in Cook County, Illinois and which maintains its principal place of business in Omaha, Nebraska. HDR is an employee-owned firm in the business of, among other things, engineering, architecture, and environmental services.

2. SE3 is a Missouri limited liability company which conducts business in Cook County, Illinois and which, on information and belief, maintains its principal place of business in Kansas City, Missouri. On information and belief, SE3 is a professional engineering firm specializing in program management, design (including the performance of barrier warrant analyses), construction management, transportation and municipal engineering, among other things.

### Jurisdiction and Venue

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial

1

part of the events or omissions giving rise to the underlying claim occurred within this District, in the City of Schaumburg, Illinois.

4. Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §§2201 and 2202 because Plaintiff, HDR, is a citizen of a different state than the Defendant and the sum in controversy, exclusive of interest and costs, exceeds $75,000.

## Allegations Common to All Counts

5. On or about June 28, 2012, HDR entered into a design section engineer agreement with the Illinois State Toll Highway Authority (the "Prime Agreement") to provide, *inter alia,* preparation of contract plans, special provisions, construction schedules and review of bids, all field surveys, investigations, designs and analyses required to complete the work, checking of shop drawings and consultation during the construction period, in relation to a construction project located on the Jane Addams Memorial Tollway (I-90), from Mile Post 68.1 (Il Route 53) to Mile Post 60.8 (Higgins Road) (the "Project"). (A true and correct copy of the Prime Agreement is attached hereto, as Exhibit A, and incorporated herein by reference).

6. On or about July 24, 2012, SE3 entered into an agreement with HDR ("Subconsultant Agreement") to provide subconsultant services for the Jane Addams construction project including, *inter alia,* performance of a barrier warrant analysis, the purpose of which was to determine where to place guardrails and other barriers along the Jane Addams Memorial Tollway. (A copy of the Subconsultant Agreement is attached hereto, as Exhibit B, and incorporated herein by reference).

7. On June 28, 2022, John La, administrator of the Estate of Dennis La, filed a First Amended Complaint (the "Lawsuit") alleging that HDR, SE3 and others were negligent and/or otherwise liable for alleged injuries sustained to decedent, Dennis La, as a result of an accident

which occurred on June 28, 2020 on Interstate 90 at or near milepost 66, Schaumburg Township, Cook County, IL. Specifically, the First Amended Complaint alleges that the decedent, Dennis La, struck a concrete gantry. (A copy of Plaintiff's First Amended Complaint is attached hereto, as Exhibit C, and incorporated herein by reference).

8. In the First Amended Complaint, John La alleged that SE3 committed the following negligent and/or careless acts or omissions:

   a. Failed to include in the barrier warrant analysis the need for a guardrail or other barrier at the concrete gantry located on the eastbound Jane Addams at milepost 66 in violation of industry standards;

   b. Failed to properly supervise and/or control the work being performed at the construction site;

   c. Failed to recommend that a guardrail or other safety barrier be installed in front of the concrete gantry to prevent injury or death to motorists driving upon the tollway in violation of industry standards;

   d. Failed to follow industry custom and practice with respect to clear zones and the placement of guardrails or other safety barriers.

9. The First Amended Complaint states that "[a]s a direct and proximate result of one or more of the foregoing acts or omissions of Defendant, SE3, the decedent, Dennis La, was then and there injured internally and externally, that he suffered severe and permanent injuries to his nervous system and other systems of his body, which were all the proximate cause of his death."

10. Article 10 of the Subconsultant Agreement required SE3 to provide and maintain insurance coverage for HDR, as follows:

   **10. INSURANCE**
   Subconsultant will procure and maintain the same types and amounts of insurance for the same period as HDR, if required to do so under the Prime Agreement. Otherwise, at a minimum, unless other wise agreed upon in writing, Subconsultant will procure and maintain the following types and amounts of insurance for the duration of the Project: workers' compensation insurance as required by law, $250,000 of employer's liability insurance, commercial general liability insurance of $1,000,000 combined single limit for personal injury and property damage, automobile liability insurance of $1,000,000 combined single limit for bodily injury

and property damage covering all vehicles, including hired cars, owned and non-owned vehicles, and professional liability insurance in the amount of $1,000,000. Professional liability insurance shall be maintained for a minimum of three (3) years beyond the date this Agreement is completed or terminated. The commercial general liability insurance must include contractual liability coverage including coverage for any indemnities. HDR and Owner shall be made additional insureds on the commercial general liability and automobile policies.

11. Article 12 of the Subconsultant Agreement further required SE3 to indemnify, defend and hold harmless HDR, as follows:

> **12. INDEMNIFICATION**
> **12.1** To the fullest extent permitted by law, Subconsultant will indemnify, defend and hold HDR, Owner, their employees, officers, directors, and agents harmless, from and against all liability, claims, losses, costs, expenses and fees arising out of this Project or this Agreement to the extent caused or alleged to have been caused by any willful misconduct or negligent acts, errors or omissions of Subconsultant, its agents, employees, subconsultants or suppliers.

12. After being named a defendant in the Lawsuit, on January 25, 2022, HDR served correspondence requesting contractual indemnity and defense from SE3 for the Lawsuit and pursuant to Article 12 of the Subconsultant Agreement (A copy of the "January 25, 2022 Letter" is attached hereto as Exhibit D and incorporated herein by reference).

13. The January 25, 2022 Letter further tendered HDR's defense and indemnity for the Lawsuit on a primary and noncontributory basis to SE3 and its commercial general liability and automobile liability insurer(s) pursuant to Article 10 of the Subconsultant Agreement.

14. Between January 25, 2022 and August 23, 2022, HDR's attorneys made several requests for updates and as of August 23, 2022 had not yet received a formal response from either SE3 or its commercial general liability and automobile liability insurer(s) that either accepted or provided a basis for denial of the tenders.

15. Therefore, on August 23, 2022, HDR sent a second letter to SE3 reiterating HDR's request for a formal response to its tenders of defense and indemnity previously made by way of

the January 25, 2022 Letter within fourteen (14) days. (A copy of the "August 23, 2022 Letter" is attached hereto as Exhibit E and incorporated herein by reference).

16. In addition, HDR requested copies of SE3's relevant certificates of insurance coverage and its auto and general liability insurance policies for the applicable periods.

17. On May 4, 2023, counsel for SE3 forwarded to HDR a copy of a letter dated April 27, 2023 from CNA, also referred to therein as Continental Casualty Company, SE3's insurer for Architects/Engineers Professional and Pollution Incident Liability. This letter, in summary, denies coverage relative to a "tender for defense and indemnity issued by HDR Engineering originally sent on or about January 25, 2022 to defense counsel with a follow up on April 20, 2023 again to defense counsel." (A copy of the "April 27, 2023 CNA" letter is attached hereto as Exhibit F and incorporated by reference).

18. However, HDR never tendered its defense and indemnity relative to SE3's Architects/Engineers Professional and Pollution Incident Liability policies. As stated herein and referenced in Exhibit D, HDR requested *contractual* defense and indemnity from SE3 (per Article 12 of the Subconsultant Agreement) and, contemporaneously, also tendered its defense and indemnity to SE3's *commercial general liability* and *automobile liability* insurers (per Article 11 of the Subconsultant Agreement).

19. Therefore, on September 29, 2023, HDR sent correspondence with a final demand for the acceptance by SE3 of its contractual demand for defense and indemnity and/or acceptance by SE3's commercial general liability and automobile liability insurers of HDR's tenders of defense and indemnity relating to the Lawsuit within fourteen days, on or before October 13, 2023 (the "October 13, 2023 Letter"). (A copy of the September 29, 2023 letter is attached hereto, as Exhibit G, and incorporated herein by reference).

20. SE3 has not responded to this demand as of the filing of this matter.

21. Therefore, as of the present time, SE3 has failed to respond to the January 25, 2022 Letter, the August 23, 2022 Letter, the September 29, 2023 Letter or any of the other requests made by HDR for updates relative to its actual tenders, or provide any of the requested information, such as SE3's relevant insurance policies, including its policy for the period encompassing June 2020 through June 2021.

**COUNT I – Declaratory Judgment for Contractual Defense**

22. HDR incorporates the allegations contained in Paragraphs 1-21 of its Complaint as though fully set forth herein.

23. SE3 has the duty to defend HDR with respect to the Lawsuit as the Subconsultant Agreement requires SE3 to "indemnify, *defend* and hold HDR… harmless, from and against all liability, claims, losses, costs, expenses and fees arising out of this Project or this Agreement to the extent caused or alleged to have been caused by any willful misconduct or negligent acts, errors or omissions of Subconsultant." (*emphasis* added)(Ex. B).

24. Pursuant to Article 12 of the Subconsultant Agreement, HDR is entitled to defense from all liability, claims, losses, costs, expenses and fees which relate to or stem from the Lawsuit insofar as the Lawsuit alleges that the underlying occurrence was caused by "willful misconduct or negligent acts, errors or omissions of Subconsultant (i.e., SE3)."

25. In the Lawsuit, it has been alleged that "[a]s a direct and proximate result of … negligent acts or omissions of Defendant, SE3, the decedent, Dennis La, was then and there injured internally and externally, that he suffered severe and permanent injuries to his nervous system and other systems of his body, which were all the proximate cause of his death." (Ex. C).

6

26. The allegations of the Lawsuit arise out of the scope of work contained in the Subconsultant Agreement.

27. Pursuant to 22 U.S.C. §§2201 and 2202, this Court has the power to adjudicate the dispute between the parties and to declare the rights and obligations of the Parties arising from the Subconsultant Agreement.

28. Under the Subconsultant Agreement, SE3 has the duty to defend HDR with respect to the Lawsuit, which duty it has failed to accept, giving rise to an actual controversy between the Parties.

29. HDR respectfully requests that this Honorable Court adjudicate and declare the rights of the Parties to the Subconsultant Agreement and find that the Subconsultant Agreement compels SE3 to defend HDR with respect to the Lawsuit.

WHEREFORE, Plaintiff, HDR, requests that judgment be entered in its favor and against SE3 as follows:

    a. Finding that HDR is entitled to contractual defense from SE3 under the Subconsultant Agreement;

    b. Finding that by virtue of its failure to defend HDR, SE3 has waived or is estopped from asserting any defenses to the present claim;

    c. An order from this Honorable Court that SE3 defend HDR in the Lawsuit;

    d. For such other and further relief as this Court or the jury deem proper.

**COUNT II – Breach of Contract for Failing to Provide Contractual Defense and Indemnity**

30. HDR incorporates the allegations contained in Paragraphs 1-21 of its Complaint as though fully set forth herein.

31. The Subconsultant Agreement requires SE3 to "indemnify, defend and hold HDR… harmless, from and against all liability, claims, losses, costs, expenses and fees arising out

of this Project or this Agreement to the extent caused or alleged to have been caused by any willful misconduct or negligent acts, errors or omissions of Subconsultant." (Ex. B).

32. Pursuant to Article 12 of the Subconsultant Agreement attached as Exhibit B, HDR is entitled to indemnity from all liability, claims, losses, costs, expenses and fees which relate to or stem from the Lawsuit insofar as the Lawsuit alleges that the underlying occurrence was caused by "willful misconduct or negligent acts, errors or omissions of Subconsultant (i.e. SE3)."

33. Pursuant to the Subconsultant Agreement attached as Exhibit B, HDR is entitled to the provision of a defense of HDR to the Lawsuit by SE3 insofar as the Lawsuit alleges that the underlying occurrence was caused by "willful misconduct or negligent acts, errors or omissions of Subconsultant (i.e. SE3)."

34. In the Lawsuit, it has been alleged that "[a]s a direct and proximate result of … negligent acts or omissions of Defendant, SE3, the decedent, Dennis La, was then and there injured internally and externally, that he suffered severe and permanent injuries to his nervous system and other systems of his body, which were all the proximate cause of his death." (Ex. C).

35. HDR has engaged outside legal counsel in connection with the Lawsuit. The aforesaid counsel has and continues to perform legal services related to the Lawsuit.

36. By refusing to indemnify, defend and hold HDR harmless in connection with the Lawsuit, SE3 has materially breached the Contract.

37. Such breach has caused HDR damages including, but not limited to the costs of its defense, any insurable amount called for by the contract and in the amount of any Indemnification owed HDR due to SE3's negligence, such amount to be proven at trial.

WHEREFORE, Plaintiff, HDR, requests that judgment be entered in its favor and against SE3 as follows:

    a.    For an order requiring SE3 to immediately assume HDR's defense at SE3's sole cost and expense in the La v. SE3, et al. litigation;

    b.    Damages for failure to provide contractual defense and indemnity to date, including for any sums paid by HDR in any settlement of the Lawsuit, any indemnity expenses incurred by HDR pursuant to claims of third parties, all attorneys' fees, costs, and expenses incurred by HDR, and any further losses, fees, costs and expenses incurred by HDR in relation to the Lawsuit; and,

    c.    For such other and further relief as this Court or the jury deem proper.

### COUNT III – Breach of Contract for Failure to Procure or Provide Insurance

38.    HDR incorporates the allegations contained in Paragraphs 1-21 of its Complaint as though fully set forth herein.

39.    Under Article 10 of the Subconsultant Agreement, SE3 was required to "procure and maintain the same types and amounts of insurance for the same period as HDR, if required to do so under the Prime Agreement." The insurance that was required, at a minimum, included commercial general liability insurance of $1,000,000 combined single limit for bodily injury and property damage along with automobile liability insurance of $1,000,000 combined single limit for bodily injury and property damage covering all vehicles, including hired cars, owned and non-owned vehicles, and professional liability insurance in the amount of $1,000,000."

40.    Per Article 10 of the Subconsultant Agreement, SE3's "commercial general liability insurance must include contractual liability coverage including coverage for any indemnities."

41.    Moreover, per the Subconsultant Agreement, SE3 agreed that "HDR and Owner shall be made additional insureds on the commercial general liability and automobile liability policies" of SE3. (Exhibit B).

42.    HDR tendered its defense and indemnity for the Lawsuit to SE3 and its commercial

9

general liability and automobile liability insurer(s) by way of the January 25, 2022 Letter.

43. In the August 23, 2022 Letter, HDR requested that SE3 provide relevant certificates of insurance coverage and copies of SE3's auto and general liability insurance policies for the applicable periods, which SE3 is required to do under the Subconsultant Agreement.

44. SE3 never provided the insurance policies to HDR.

45. Neither SE3 nor its commercial general liability and automobile liability insurer(s) have responded to HDR's tenders of its defense and indemnity for the Lawsuit.

46. The lack of a formal response is, in effect, a denial of HDR's tenders of defense and indemnity for the Lawsuit.

47. Counsel for HDR has performed and continues to perform legal services in connection with the Lawsuit. All attorneys' fees, costs and expenses of litigation incurred by HDR are losses sustained by HDR as a result of SE3's breach of its contract to provide and maintain insurance coverage for HDR.

48. HDR has been harmed and will continue to be harmed by SE3's failure to procure and provide insurance in an amount to be proven at trial.

WHEREFORE, Plaintiff, HDR, requests that judgment be entered in its favor and against SE3 as follows:

 a. Damages for failure to provide insurance coverage for HDR, including for any sums paid by HDR in any settlement of the Lawsuit, any indemnity expenses incurred by HDR pursuant to claims of third parties, all attorneys' fees, costs, and expenses incurred by HDR, and any further losses, fees, costs and expenses incurred by HDR in relation to the Lawsuit; and

 b. For such other and further relief as this Court or the jury deem proper.

Respectfully submitted,

HDR ENGINEERING, INC.

By: */s/William R. Klinger*
William R. Klinger

Robert S. Markin (IL Atty No. 6187738)
William R. Klinger (IL Atty. No 6295156)
Suzanne P. Grossman (IL Atty. No. 6335965)
Chico & Nunes, P.C.
333 W. Wacker Drive, Suite 1420
Chicago, IL 60606
Tel: 312-463-1000
rmarkin@chiconunes.com
wklinger@chiconunes.com
sgrossman@chiconunes.com
*Counsel for Plaintiff HDR Engineering, Inc.*